NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3334

DONALD G. STANLEY,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Donald G. Stanley, of Wichita, Kansas, pro se.

Lauren S. Moore, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Franklin E. White, Jr., Assistant Director. Of counsel was Joseph A. Pixley.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3334

DONALD G. STANLEY,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:    January 30, 2007

_____

Before NEWMAN, RADER, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Donald G. Stanley petitions for review of the decision of the Merit Systems Protection Board, Docket No. DE844E060065-I-1, affirming the reconsideration decision of the Office of Personnel Management that he is not entitled to a disability retirement annuity under the Federal Employees' Retirement System.  We <u>affirm</u> the decision of the Board.

BACKGROUND

Mr. Stanley was removed from his position of Distribution Clerk with the United States Postal Service in Wichita, Kansas, for stealing prescription medication from the mails. Mr. Stanley then applied to OPM for a disability retirement annuity, alleging that he could not perform the duties of his position because of a separated shoulder, carpal tunnel syndrome, lumbar fusion, arthritis, glaucoma, pins broken in his hip due to surgical repair, and a broken ankle that had failed to heal properly. OPM denied the application. Mr. Stanley appealed to the Board, which found that he had not shown that he was disabled at the time of his removal for misconduct. This appeal followed.

DISCUSSION

To establish eligibility for a FERS disability retirement annuity Mr. Stanley had to demonstrate, inter alia, that he was unable, because of disease or injury, to render useful and efficient service in the position he last occupied, and that he could not have been reasonably accommodated or reassigned by his agency. See 5 U.S.C. §8451(a)(1)(B); 5 C.F.R. §844.103. The Board reviewed the medical evidence of record as well as the testimony of the witnesses, and concluded that Mr. Stanley had not established entitlement to an annuity based on disability.

Mr. Stanley challenges these findings, stating that the Board failed to take into account the effect of his medications on his ability to do his job. He states, "The FACT that was incorrectly decided is that absent the abuse of the medications, I was completely unable to function in my Postal duties." Mr. Stanley states that the Board gave inadequate weight to the effect that his medication abuse had on his disability.

2006-3334                                    2

The Federal Circuit is precluded from reviewing the factual determinations that underlie disability determinations, except for matters of law or procedure that affect fundamental principles. In <u>Lindahl v. Office of Personnel Management</u>, 470 U.S. 768, 791 (1985), the Supreme Court held that "while the factual underpinnings of §8347 disability determinations may not be judicially reviewed, such review is available to determine whether 'there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error "going to the heart of the administrative determination."'" <u>Id.</u> at 791 (quoting <u>Scroggins v. United States</u>, 397 F.2d 295, 297 (Ct. Cl. 1968)). The <u>Lindahl</u> standard applies to FERS disability cases. <u>See Anthony v. Office of Personnel Management</u>, 58 F.3d 620, 626 (Fed. Cir. 1995) ("[T]his court is precluded by 5 U.S.C. §8461(d) from reviewing the factual underpinnings of physical disability determinations, but may address whether there has been a 'substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error "going to the heart of the administrative determination."'") (quoting <u>Lindahl</u>).

Mr. Stanley's allegations relate solely to factual findings asserted to have been made in error by OPM and the Board in evaluating his disability claim. These findings are not within the scope of review permitted by <u>Lindahl</u> and ensuing precedent. On this basis, the decision of the Board must be affirmed.

No costs.